In the Matter of the Claim of BEATRICE WARRING, Respondent, against CASE-KANE, INCORPORATED, and THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and insurance carrier have appealed from a decision of the State Industrial Board awarding compensation to the widow and minor children of Edwin C. Warring. The employer was engaged in the automobile business and decedent was engaged by it as a chauffeur, mechanic and salesman. In the early morning of January 21, 1937, while engaged in his regular occupation operating an automobile in a sleet storm the windshield of his car became covered with ice and he was compelled to drive the car with his head out of the window thereby causing him to suffer meningitis pneumococcus which resulted in his death on January 26, 1937. The evidence sustains the findings of the State Industrial Board that decedent sustained accidental injuries arising out of and in the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by JOSEPH RIZZO, Claimant. FRIEDA S. MILLER, as Industrial Commissioner, Appellant; GEORGE W. BRECKWOLDT, Employer, Respondent.— This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board reversing a decision of an Unemployment Insurance referee which held that claimant was an employee subject to the provisions of the New York Unemployment Insurance Law. The sole question is whether or not the employer is subject to the provisions of the Unemployment Insurance Law in having four employees. It is conceded that the employer has three employees, a maid, the claimant and his wife. The employer also engaged the services of a laundress. The Board in reversing the referee held that the laundress was an independent contractor and not an employee. The laundress has worked for respondent for a period of four or five years. She was employed on Wednesday and Thursday of each week to do the laundry for which she received a weekly wage of ten dollars. She performed her duties at respondent's home except during the summer season. The employer furnished the soap and other materials in connection with the work. The evidence sustains the finding of the referee that the laundress was an employee and not an independent contractor. Decision of the Unemployment Insurance Appeal Board reversed, with costs to appellant, and the decision of the referee reinstated. Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ., concur.